NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL TODD JOHNSON, *Appellant.*

No. 1 CA-CR 18-0090
FILED 10-09-2018

Appeal from the Superior Court in Maricopa County
No.  CR 2017-129320-001
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

Michael Todd Johnson, Winslow
*Appellant*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge James P. Beene joined.

**C A M P B E L L**, Judge:

¶1        Michael Johnson timely appeals his convictions and sentences for armed robbery and two counts of aggravated assault. After searching the record on appeal and finding no arguable question of law that was not frivolous, Johnson's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted counsel's motion to allow Johnson to file a supplemental brief *in propria persona*, and Johnson did so. We reject the arguments raised in Johnson's supplemental brief. After reviewing the entire record, we find no reversible error and affirm Johnson's convictions and sentences.

**BACKGROUND**[1]

¶2        In downtown Phoenix, Johnson approached the victim, an 84-year-old man, from behind and struck him in the back with a knife. The victim fell to the ground and Johnson demanded that he surrender his ring. The victim refused, and the two began to struggle. Johnson kicked the man repeatedly, demanding the ring. When he continued to refuse, Johnson pulled the victim's bag out of his grasp and ran away.

¶3        A witness to the altercation chased after Johnson and confronted him; he retrieved the bag and returned it to the victim. Law enforcement arrived and searched the area, eventually locating Johnson nearby in possession of a bloody folding knife. Two witnesses identified Johnson as the assailant. The victim was transported to the hospital where doctors confirmed that he had a laceration on the right side of his upper back and neck near the spinal column. He also suffered a fractured vertebra from the altercation with Johnson.

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Johnson. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶4 After trial, the jury found Johnson guilty of armed robbery, aggravated assault with a deadly weapon, and aggravated assault by causing a fracture to any body part. The superior court found that the first two counts were inherently dangerous because both required use of a weapon. *See State v. Larin*, 233 Ariz. 202, 213, ¶ 41 (App. 2013). Johnson received the presumptive sentence for each count, to be served concurrently: 10.5 years for armed robbery, 7.5 years for aggravated assault with a deadly weapon, and 2.5 years for aggravated assault by causing a fracture to any body part. The court awarded 212 days of presentence incarceration credit.[2]

## DISCUSSION

¶5 In his supplemental brief, Johnson repeats the arguments raised in a motion in limine prior to trial. He argues that because the victim has Alzheimer's disease and did not testify at trial, any statements he made to police are inadmissible hearsay. We need not comment on this argument because none of the victim's statements were admitted at trial. In fact, the superior court granted the motion before trial began. We therefore find no ground for reversal in Johnson's supplemental brief.

¶6 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Johnson received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶7 The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charges, Johnson's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Johnson was given an opportunity to speak at sentencing, and his sentences were within the range of acceptable sentences for his offenses.

---

[2] Johnson should have received only 211 days of presentence incarceration credit. The superior court's error is in Johnson's favor and is, therefore, not fundamental because it did not prejudice him. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005) (explaining fundamental error is error that goes to the foundation of the case and prejudices the defendant).

## CONCLUSION

**¶8** We affirm Johnson's convictions and sentences. Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Johnson of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Johnson has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

